## CIRCUIT COURT OF FAIRFAX COUNTY

Cintas Corp. No. 2

    v.

Transcontinental
Granite, Inc., et al.

October 27, 2008

Case Nos. CL2008-1500; CL2008-2907

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on 1801 Properties, L.L.C.'s Motion to Compel. After an *in camera* review of the disputed documents and after considering the pleadings, the oral and written arguments of counsel, and the relevant legal authority, the Court grants the motion in part.

*Background*

In January 2006, Cintas Corporation No. 2 (Cintas) contracted to sell a parcel of real estate located in Richmond, Virginia, to Transcontinental Granite, Inc. (Transcontinental). Transcontinental later conveyed its interest in the contract to 1801 Properties, L.L.C. (1801 Properties). All parties were apparently aware that the property had suffered some degree of environmental contamination, but, due to the nature of the contamination, its precise extent was unknown.

Under the sales contract, Cintas was obligated to perform a certain amount of decontamination work on the site. In the underlying action, the parties dispute whether or not Cintas has complied with that obligation. The

instant discovery dispute arises from 1801 Properties' attempt to gain access to documents related to communications between Cintas and Cintas' environmental remediation contractor, Environ, Inc. (Environ). In response to 1801 Properties' Motion to Compel, Cintas identified a number of documents they assert are protected under the work product doctrine. After a hearing on October 17, 2008, the disputed documents were turned over to the Court for an *in camera* review.

*Analysis*

*Applicable Law*

"[A] party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Rule 4:1(b)(3). The party withholding material they believe to be protected must state the claim expressly and bears the burden of providing sufficient information about the documents to support the claim. Rule 4:1(b)(6).

The rule protects only (1) documents and tangible things (2) prepared in anticipation of litigation or for trial, (3) by a party or that party's representative. The burden of proving that the document or thing to be protected was prepared in anticipation of litigation or trial lies with the party seeking to withhold it. If the Court finds that the material withheld was prepared in anticipation of litigation, it is protected from discovery unless the party seeking its production proves that they cannot obtain its substantial equivalent without undue hardship.

The operative language of Rule 4:1(b)(3) appears to be identical to the relevant provisions of Federal Rule of Civil Procedure 26(b)(3). It appears that documents and tangible things prepared in anticipation of any litigation are protected, whether or not they were prepared in anticipation of this litigation. The Supreme Court stated that "the literal language of [FRCP 26(b)(3)] protects materials prepared for *any* litigation or trial as long as they were prepared by or for a party to the subsequent litigation." *FTC v. Grolier, Inc.*, 462 U.S. 19, 25 (1983). Although addressing the question in a trial context rather than in discovery, the Supreme Court of Virginia appears to agree. *Jones v. Ford Motor Co.*, 263 Va. 237, 258, 559 S.E.2d 592 (2002) (aff'g trial court ruling that work product doctrine barred questioning witness about attorney's trial strategy in a separate case).

*Documents Three, Eleven, Twelve, Thirteen, and Fourteen Protected under Rule 4:1(b)(3)*

Here, Cintas has asserted that eighteen otherwise discoverable documents are protected from discovery because they were prepared in anticipation of litigation. Of the eighteen items listed in its privilege log, it appears that four (documents fifteen, sixteen, seventeen, and eighteen) are duplicates of other items listed in the log. The privilege log filed with the Court is confusing and difficult to reference. In addition to over a third of the log consisting of duplicate documents, the attached documents are not clearly labeled. Furthermore, there are discrepancies between what Cintas claims as a basis for non-disclosure in the version of the log produced to 1801 Properties and the version turned over to the court. The numbering used in this letter refers to the numbering used in the version apparently turned over to 1801 Properties. Of the remaining fourteen items, it appears that document fourteen consists of handwritten notes taken by Cintas' counsel, David Meyer. Document three appears to be a memorandum prepared by Environ at the sole request of Mr. Meyer and addressed only to him. Document thirteen appears to be nearly identical to item six, with the exception of some handwritten notes by one of Cintas' attorneys. The Court finds that the items identified as documents three, thirteen, and fourteen were prepared in anticipation of litigation and are protected from discovery by Rule 4:1(b)(3).

Documents eleven and twelve appear to be e-mails between Environ employees, Cintas employees, and Cintas' counsel. They are dated April 2002. While they appear to discuss the expected outcome of litigation, it is not the instant litigation. The question is whether 4:1(b)(3) protects documents and things prepared in anticipation of *any* litigation, or merely documents and things prepared in anticipation of *this* litigation. In light of the Supreme Court's construction of FRCP 26(b)(3) in *Grolier* and the Virginia Supreme Court's decision in *Jones*, the Court holds that documents eleven and twelve are protected by Rule 4:1(b)(3).

*Documents One, Two, Four, and Five, Six, Seven, Eight, Nine, and Ten Not Protected*

The Court finds that items one, two, four, five, six, seven, eight, nine, and ten were not prepared in anticipation of litigation and are not protected by Rule 4:1(b)(3).

While document one is addressed to Cintas' counsel and labeled "CONFIDENTIAL WORK PRODUCT," it appears to have been prepared by one of Cintas' administrators, there is absolutely nothing to indicate that it was prepared at the request of Cintas' counsel, and, in addition to the attorney, it is also addressed to two employees of Environ. The subject does not appear to be litigation, and Cintas has not addressed why they would be sharing litigation or trial preparation materials with another company. Document two is addressed to two of Cintas' attorneys, but it is also addressed to an Environ employee, and, although it suggests litigation, there is nothing to indicate that it was prepared in anticipation of litigation. Rather the subject appears to be the ongoing environmental remediation work and when that work might be complete.

Document four is an "e-mail chain" consisting of multiple messages between employees of Cintas, Environ, and Cintas' counsel. It appears largely to relate to how Environ will conduct further environmental remediation work and what it is expected to cost. Although there is some discussion of how Environ ought to handle communications with attorneys representing adverse parties, there is nothing to indicate that the document was prepared by one of Cintas' representatives in anticipation of litigation or trial. While Cintas might or might not want Environ to "dodge questions" from another party's attorney in light of ongoing litigation, that fact alone does not entitle the document to protection under Rule 4:1(b)(3), nor does the fact that Cintas' attorneys are carbon copied on the e-mails, nor do the various blanket "privileged and confidential" labels attached without apparent regard to content.

Document five is an e-mail from an Environ employee to a non-attorney Cintas employee. It then appears to have been forwarded to one of Cintas' attorneys. There is nothing to indicate that the e-mail or the attached document was prepared at the request of Cintas' counsel or that it was prepared in anticipation of litigation. Instead, the subject appears to be an attached document containing an unspecified updated cost estimate for ongoing remediation work and how that estimate compares to an earlier estimate made in October 2002. Cintas has not demonstrated how the six year old cost estimate was prepared in anticipation of litigation that would not commence, even in the view Cintas advances in their brief, for another four years.

The court has considered the foreign authority Cintas cites for the proposition that environmental law by its nature might lead owners of contaminated property to anticipate litigation. True or not, the factual question before the Court is whether or not these documents were prepared in anticipation of litigation. Cintas bears the burden and has given the Court nothing to show that to be the case.

238

Documents six, seven, eight, nine, and ten do not appear to have been prepared in anticipation of litigation. Instead they appear to have been prepared to assist responsible officers in making decisions related to the purchase and use of a number of parcels of real property around the country. Documents prepared in the ordinary course of business are not protected by the work product doctrine. See, *Commonwealth v. Edwards*, 235 Va. 499, 508, 370 S.E.2d 296 (1988). The Court finds that documents six, seven, eight, nine, and ten were prepared in the ordinary course of business and so are not protected by the work product doctrine.

## Conclusion

The Court finds that documents three, eleven, twelve, thirteen, and fourteen were prepared in anticipation of litigation, and are protected from discovery by Rule 4:1(b). The Court finds that documents one, two, four, five, six, seven, eight, nine, and ten were not prepared in anticipation of litigation.

Cintas shall disclose documents one, two, four, five, six, seven, eight, nine, and ten. Cintas shall file an updated version of their privilege log, removing redundancies and other discrepancies and ensuring that each document listed is readily identifiable by the other parties and by the court.